[Docket No. 16]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENNIS MAURER,<br><br>            Plaintiff,<br><br>v.<br><br>GL QICHEN INVESTMENT LTD,<br><br>            Defendant. | Civil No. 20-20028 (RMB/KMW)<br><br>**OPINION** |

APPEARANCES:

Shadinger Law, LLC
By: Jon G. Shadinger, Jr. Esq.
717 E. Elmer St.
Vineland, NJ 08360
        Attorney for Plaintiff

Hang & Associates, PLLC
By: Ge Qu, Esq.
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
        Attorney for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon its own Motion. Plaintiff Dennis Maurer brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12181 et. seq. and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12. In addition, Defendant GL Qichen Investment LTD has filed a Motion to Dismiss for Insufficient Service, which is currently pending before the Court. [Docket No. 16].

1

I.   **ANALYSIS**

   A. Standing

In reviewing the Complaint, the Court is not satisfied that Plaintiff has established the Court's jurisdiction. "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (modification in original) (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)). A plaintiff states a viable claim when he satisfies three elements; the plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Id.

Injury in fact is the "'[f]irst and foremost' of standing's three requirements." Id. (quoting Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 103 (1998). Moreover, this is a constitutional requirement that Congress cannot erase. Id. at 1547-48. A plaintiff establishes injury in fact only by showing that "he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized,' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548

(quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." Id. (cleaned-up). An injury is "concrete" only when it is "*de facto*; that is, it must actually exist." Id.

Where, as here, a plaintiff seeks prospective injunctive relief, he satisfies the injury in fact requirement only by showing that he is "'likely to suffer future injury' from the defendant's conduct." McNair v. Synapse Grp. Inc., 672 F.3d 213, 223 (3d Cir. 2012) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)); see also Indep. Project, Inc. v. Shore Point Plaza, LLC, No. 18-cv-15048(FLW/ZNQ), 2020 WL 6363714, at *2 (D.N.J. Oct. 29, 2020). Stated differently, "past exposure to illegal conduct does not show a present claim for injunctive relief." Indep. Project, Inc., 2020 WL 6363714, at *2 (quoting Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987)).

Consistent with these standards, courts within this District rely on a four-factor test to determine whether a plaintiff has pleaded a concrete and particularized injury for an ADA claim: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the plaintiff's frequency of nearby travel; and

(4) the definiteness of the plaintiff's plan to return[1]. Louisiana Counseling & Fam. Servs. Inc. v. Mt. Fuji Japanese Rest., 08-cv-6143, 2014 WL 941353, at *7 (D.N.J. Mar. 11, 2014), aff'd sub nom. Brown v. Mt. Fuji Japanese Rest., 615 F. App'x 757 (3d Cir. 2015); Indep. Project, Inc., 2020 WL 6363714, at *2.

Here, the Complaint fails to allege that Plaintiff suffered a concrete and particularized injury under these factors. First, the Complaint identifies both Plaintiff's and Defendant's addresses. The Court takes judicial notice that Plaintiff's listed address is approximately 50 miles away from Defendant's listed address. Second, Plaintiff identifies only a single visit to the property in question. [See Docket No. 1, at ¶ 7]. Plaintiff does so without stating or approximating the exact date of his visit. Instead, he provides only that he visited Defendant's property sometime "in October 2020." [Id.].

Third, Plaintiff has failed to allege any definitive plans to return to Defendant's establishment. Although Plaintiff makes

---

[1] Within the Third Circuit, some District Courts use a substantially similar test. See e.g., Hollinger v. Reading Health Sys., No. CV 15-5249, 2017 WL 429804, at *4 (E.D. Pa. Jan. 31, 2017) (reciting the test for evaluating standing under the ADA as "(1) plaintiff has alleged defendant engaged in past discriminatory conduct that violates the ADA; (2) it is reasonable to infer from the allegations in the complaint that the discriminatory conduct will continue; and (3) it is reasonable to infer based on past patronage, proximity of the place to the plaintiff's home, business, or personal connections to the area, that the plaintiff intends to return to the place in the future.").

several vague references to his plan to "return to the Subject Property in the very near future," [see e.g., id.] this is clearly not enough. See e.g., Kennedy v. Floridian Hotel, Inc., No. 20-10648, --F 3d.--, 2021 WL 2149361, at *9 (11th Cir. May 27, 2021) ("[Plaintiff] failed to demonstrate a real and immediate threat of future injury that goes beyond the type of vague, 'some day' intention [to return] the Supreme Court found insufficient in Lujan."). Fourth, Plaintiff has not articulated any facts showing his "frequency of nearby travel." Given the approximately 50-mile journey from Plaintiff's home to Defendant's location, Plaintiff's failure to offer any explanation on the frequency of his nearby travel prevents the Court from inferring that Plaintiff actually intends to return in the future[2].

    Moreover, Plaintiff has similarly failed to allege any personal (i.e., particularized, under Spokeo) injury from Defendant's alleged ADA violations. Under Title III of the ADA, a plaintiff's only available relief is an injunction. See 42 U.S.C. § 12188(a)(1). But § 12188 still requires Plaintiff to establish a personal stake in the case. Instead, as explained more fully below, historically Plaintiff's Complaints seemingly

---

[2]    The Complaint attempts to establish both previous patronage and a definitive plan to return through a formulaic recitation of the elements of an ADA cause of action. This is insufficient. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

appear to assume the role of a code compliance officer who uses the ADA as a strict liability statute without establishing any relationship between his own disabilities and the alleged violations.

Taken together, the Court cannot be assured that Plaintiff has standing to pursue his claims.

B. Additional Deficiencies

The Court will also use this opportunity to note that Plaintiff's Complaint appears to be a copy-and-paste template that Plaintiff has previously used in 155 cases in the District of New Jersey alone over the last 8 years. Indeed, most of these Complaints contain the exact same typo-- omitting the word "of" in between "Section 606" and "the" in a particular paragraph. See e.g., Docket No. 1, at ¶ 13k ("violating Section 606 the 2010. . .]; Maurer v. Sloane, 20-13650, Docket No. 1 (same); Maurer v. Heights Plaza Group, LLC, 20-13705, Docket No. 1 (same); Maurer v. Meckel Enterprises, LLC, 19-9869, Docket No. 1 (same); Maurer v. Pep Boys, 18-9175, Docket No. 1 (same).

Relatedly, the Court will take judicial notice that Jon G. Shadinger, Plaintiff's counsel in this matter, (1) has represented Plaintiff in all of Plaintiff's ADA cases since March 2018-- approximately 66 cases in total-- and (2) never represented Plaintiff before March 2018. Yet the typo identified above appears in Plaintiff's complaints dating back to 2014. See

e.g., Maurer v. Traders Lane, LLC, 14-3654, Docket No. 1 ("violating Section 606 the 2010 . . ."); Maurer v. Village Walk LLC, 15-5510, Docket No. 1 (same). In these cases, Plaintiff was represented by John P. Fuller and Robert Donaher.

Moreover, Plaintiff's current counsel has filed numerous complaints for other plaintiffs-- namely, Charlene Cheli, Ronald Moore, and the Independence Project Inc.-- which also contain this typo. See e.g., Charlene Cheli v. Cases Nova Today, LLC, 19-19034, Docket No. 1 ("violating Section 606 the 2010 . . ."); Ronald Moore v. Riccardi Realty Company, 21-10601, Docket No. 1 (same); The Independence Project, Inc. v. Kimsco, Inc., 18-705, Docket No. 1 (same). By no means are the cases identified here an exhaustive list.

Although the Court does not fault a party for the occasional typo, this situation is far different. Here, the Court has identified what appears to be a nearly decade-long practice of filing cookie-cutter complaints, which were seemingly never proofread beforehand.

Moreover, Plaintiff's cases all follow a predictable pattern: a case is filed and shortly thereafter settled, leaving the Court uncertain whether each defendant's purported ADA violation was remedied or if Plaintiff ever returned to each defendant's location. This is a practice and pattern that the Court intends to probe further. There is no independent inquiry

ever undertaken as to the nature of the alleged violations and whether the complaints fall within the spirit of the ADA's language. In re Zyprexa Prod. Liab. Litig., 424 F. Supp. 2d 488, 492 (E.D.N.Y. 2006) (citing Ex parte Burr, 22 U.S. (9 Wheat.) 529, 530 (1824)) (stating that the Court has the "well-established authority to exercise ethical supervision of the bar."); cf. Restatement (Second) of Torts § 682 (1977) (Recognizing that a party should not use a "a legal process . . . against another primarily to accomplish a purpose for which it is not designed.")

Finally, in a similar case, the Court previously "encourage[d] Plaintiff and Plaintiff's counsel to attempt to resolve any future disputes without involving the courts at the outset." Maurer v. Michael Sloane LTD, 20-13650, Docket No. 7. Given Plaintiff's historical practice, the Court will reiterate that same advice now.

## II. **CONCLUSION**

Plaintiff's Complaint has not established the Court's jurisdiction, and the case cannot proceed at this time. An appropriate Order accompanies this Opinion.

DATE: June 11, 2021                    s/ Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       UNITED STATES DISTRICT JUDGE